Dear Mr. Wagley,
You have requested an opinion of this office regarding the potential sale of a piece of real property by the City of Opelousas ("City") for less than its appraised value.
According to your request, the City has an Industrial Park that was developed over twenty years ago. Over the years, the City has sold lots in Industrial Park to private parties for commercial and industrial development. The City now has two lots left and wishes to sell one of them. The lot that the City wants to sell has been appraised for $61,055.00. The city council will authorize the mayor to begin accepting bids for the sale of this lot soon but you are concerned that, due to the economy, any and all bids received may be for less than the appraised value. Holding the undeveloped lot is costing the City money in maintenance and upkeep.
In light of these facts, you have asked the following: if the property owned by the City is placed for public bid and all bidders present a bid lower than the appraised value, may the City sell the property to the highest bidder? *Page 2 
Municipalities are authorized to sell property by La.R.S. 33:4712, which provides, in pertinent part, as follows:
A. A municipality may sell, lease for a term of up to ninety-nine years, exchange, or otherwise dispose of, to or with other political corporations of this state, or private persons, at public or private sale, any property, or portions thereof, including real property, which is, in the opinion of the governing authority, not needed for public purposes.
B. Except as otherwise provided in this Section, before disposition can be made of property under the provisions of this Subpart, an ordinance must be introduced, giving the reasons for the action on the part of the governing authority, and fixing the minimum price and terms of the sale, lease, exchange, or other contract to be made with reference to the property. . . .
Any sale, lease or exchange of public property must be accomplished within the constraints of Article VII, Section 14 of the Louisiana Constitution, which prohibits the donation of public funds or anything of value belonging to the State or its political subdivisions. A political subdivision cannot purchase a piece of property for a price above the fair market value as doing so is prohibited by La.Const. art. VII, Sec. 14. La. Atty. Gen. Op. Nos. 99-162, 89-581. Conversely, a political subdivision selling property for less than the property's fair market value would also be a prohibited donation. See La. Atty. Gen. Op. No. 05-0346, wherein our office concluded that for a port to lease or sell property for a nominal amount or for less than appraised fair market value would violate La.Const. art. VII, Sec. 14.
In order to comply with La.Const. art. VII, Sec. 14, the City must ensure that it receives fair market value for the property it will sell. Our office has previously opined that fair market value means "the price at which property would change hands between a willing buyer and a willing seller when neither party is under any compulsion to buy or sell and both parties have reasonable knowledge of relevant facts." La. Atty. Gen. Op. Nos. 09-0293, 08-0226, 06-0236. Black's Law Dictionary provides a similar definition of `fair market value': "[t]he price that a seller is willing to accept and a buyer is willing to pay on the open market and in an arm's-length transaction; the point at which supply and demand intersect." Black's Law Dictionary, 9th ed. 2009.
We are aware that obtaining an appraisal is a very common method used to determine the fair market value of a piece of property. We are also aware that Louisiana courts have recognized that real property appraisal is not an exact science, but rather a subjective exercise. SeeTranscontinental Gas Pipeline Corp. v. Louisiana Tax Com'n, 2009-1988 (La. 3/16/10), 32 So.3d 199 (stating, "[t]his may be an imperfect appraisal system, as appraisal is an imperfect science *Page 3 
to begin with. . . ."); State Dept. of Transp. Development v.Scramuzza, 95-786 (La. App. 5 Cir. 4/30/96), 673 So.2d 1249, 1257 (noting "[t]his jury obviously was able to see and understand that appraisal of land is not an exact science."). Because appraising a piece of property is a subjective exercise, it is not uncommon for two qualified and skilled appraisers to assign a different value to the same piece of property. Therefore, other than the use of a qualified appraisal, the fair market value of the property can also be determined by public offering which subjects the property to actual market conditions. La. Atty. Gen. Op. No. 06-0236. If market conditions show the appraised value to be too high, our office recommends getting an updated appraisal that reflects current market conditions.
Accordingly, it is the opinion of this office that the City of Opelousas cannot sell surplus immovable property for less than fair market value. A bid for less than the appraised value may be accepted if the City can adequately document that the bid reflects fair market value. In order to ensure compliance with La.Const. art. VII, Sec. 14, we recommend that the City either obtain an updated appraisal taking into consideration the City's marketing of the property or obtain other detailed documentation that adequately demonstrates why and how the City determined that the fair market value of the property was less than the original appraised value. Also, note that La.R.S. 33:4712 requires the City adopt an ordinance before disposition of the property stating the reasons for the action and fixing the minimum price and terms of the sale.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 By: __________________________
 Lindsey K. Hunter
 Assistant Attorney General
 JDC/LKH/cah